# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:19-cr-00309-APG-BNW |
| Plaintiff | **Order Denying Motion for Temporary Release** |
| v. | [ECF No. 26] |
| ALEXANDER ALVAREZ, | |
| Defendant | |

Defendant Alexander Alvarez filed an emergency motion for temporary release due to the COVID-19 virus. ECF No. 26. The United States opposes.

No doubt, the present national health crisis virus presents a risk to all incarcerated people. It also presents a risk to citizens who are not incarcerated. Mr. Alvarez is not part of the population that is at increased risk of serious complications from the virus. He is young and has no underlying health problems. The Nevada Southern Detention Center (NSDC) is taking steps to avoid introducing the virus into the facility. And there is no evidence that if detainees become infected, NSDC cannot isolate and treat those detainees, either internally or with outside help.

I agree with Magistrate Judge Weksler that Mr. Alvarez is a high flight risk, especially now that he has pleaded guilty. *See* ECF No. 10 at 3. He faces a lengthy and mandatory sentence. It is unclear whether he will qualify for the safety valve. Even if he does, he still faces a significant prison term. His wife, child, parents, and brother live in Mexico, and he has no apparent connection to Nevada.

Releasing him into the community necessitates greater interaction with Pretrial and Probation officers, to set up and continue monitoring of him. Release requires him to be transported, which would expose him and the U.S. Marshal's office to greater risk of exposure.

Release also exposes him to the risk of becoming infected with COVID-19 because both California (where he would like to go) and Nevada are hit hard by the virus, as are most states. If Mr. Alvarez is already infected, release presents a greater danger to the community as he could spread it to those he lives with and those he interacts with.

Mr. Alvarez argues that his continued detention makes it difficult to meet with his lawyer to prepare for his sentencing hearing. But if he is released, he will still face difficulties meeting with his lawyer, given the significant limitations on travel and in-person contact that have been imposed by the governors of most states. If his or his counsel's preparation for sentencing is impacted, I will delay his sentencing hearing to afford them sufficient time to prepare.

Mr. Alvarez does not present compelling or exceptional circumstances to justify release under either 18 U.S.C. § 3142(i) or 18 U.S.C. § 3145(c). Nor does his continued detention violate his rights under the Fifth or Eighth Amendments.

I THEREFORE DENY Mr. Alvarez's motion (ECF No. 26) without prejudice. If the circumstances change significantly, Mr. Alvarez may file a new motion for temporary release.

DATED this 6th day of April, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE